## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| INTEGRATED POWER CO., | Case No. 5:26-cv-423 |
| Plaintiff, | Judge: _____ |
| v. | |
| BABCOCK & WILCOX SOLAR ENERGY, INC., CARDINAL SOLAR, LLC, COBALT SOLAR, LLC, ERIE SOLAR, LLC, SURETEC INSURANCE COMPANY, and BERKLEY INSURANCE COMPANY, | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | **COMPLAINT** |

Plaintiff Integrated Power Co. ("Plaintiff"), for its claims for relief against Defendants Babcock & Wilson Solar Energy, Inc. ("B&W"), Cardinal Solar, LLC ("Cardinal Solar"), Cobalt Solar, LLC ("Cobalt Solar"), Erie Solar, LLC ("Erie Solar"), SureTec Insurance Company ("SureTec"), and Berkley Insurance Company ("Berkley") (collectively, "Defendants") states and alleges as follows:

### STATEMENT OF PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a corporation formed under the laws of Colorado with its principal place of business in North Platte, Nebraska.

2. Upon information and belief, B&W is a corporation formed under the laws of Illinois whose registered agent is located in Cincinnati, Hamilton County, Ohio, and whose principal place of business is located at 1200 E. Market Street, Suite 650, Akron, Summit County, Ohio 44305.

3. Upon information and belief, Cardinal Solar is a limited liability company formed under the laws of Pennsylvania with its registered agent located at 5235 North Front Street, Harrisburg, PA 17110.

4.     Upon information and belief, Cobalt Solar is a limited liability company formed under the laws of Pennsylvania with its registered agent located at 5235 North Front Street, Harrisburg, PA 17110.

5.     Upon information and belief, Erie Solar is a limited liability company formed under the laws of Pennsylvania with its registered agent located at 5235 North Front Street, Harrisburg, PA 17110.

6.     Upon information and belief, SureTec is a corporation whose principal place of business is located at 2103 CityWest Blvd., Suite 1300, Houston, TX 77042.

7.     Upon information and belief, Berkley is a corporation formed under the laws of Delaware, whose principal place of business is located at 475 Steamboat Rd., Greenwich, CT 06830.

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy is over $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over B&W because B&W is a resident of, and regularly transacts business in, Ohio.

10.     This Court has personal jurisdiction over Cardinal Solar, Cobalt Solar, and Erie Solar (sometimes referred to collectively herein as, "Owners"), as they transact business in Ohio by contracting with B&W.

11.     This Court has personal jurisdiction over SureTec and Berkley, as they transact business in Ohio by issuing surety bonds to B&W.

12.     Venue in the United States District Court for the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391.

2

**FACTUAL BACKGROUND**

13.     Plaintiff is a company which provides electrical construction and field management services across the United States.

14.     B&W is a company that, among other services, provides research, development, designing, and engineering services in the field of environmental sustainability, including solar energy.

15.     Plaintiff and B&W entered into a Subcontract for construction and/or erection work in locations within the United States, in which Plaintiff was a subcontractor and B&W was the contractor (hereinafter, the "Agreement").  A true and accurate copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

16.     Under the Agreement, B&W was required to make timely payment to Plaintiff for the work performed.

17.     In or around February 2024, Plaintiff contracted with B&W to perform certain services as a subcontractor for various solar projects in which B&W was the contractor, including the following:

      a.     Project #502A Cardinal Solar Site, located at 2055 Cranberry Rockland Rd., Kennerdell, PA 16374 ("Cardinal");

      b.     Project #503A Cobalt Solar Site ("Cobalt"), located at 341 W Hershberger Rd., Tionesta, PA 16353; and

c.      Project #504A Erie Solar Site, located at 9079 Ridge Rd., Girard, Pennsylvania 16417 ("Erie") (sometimes referred to collectively herein as, the "Projects").

True and accurate copies of the Purchase Orders associated with the Projects are attached hereto as Exhibits "B" (Cardinal), "C" (Cobalt) and "D" (Erie) and incorporated herein by reference.

18.     Cardinal Solar, Cobalt Solar, and Erie Solar own the Projects.

19.     Upon information and belief, Owners respectively entered into certain Prime Contracts with B&W regarding the work to be performed for completion of the Projects.

20.     Under the Agreement between Plaintiff and B&W, B&W was obligated, at the request of Plaintiff, to obtain Performance Bonds for the Projects.  (*See* Exhibits Q–S).

21.     The surety for the Performance Bonds for Cobalt and Erie is SureTec.

22.     The surety for the Performance Bond for Cardinal is Berkley.

23.     Plaintiff began work on the Projects in accordance with contract specifications and requirements and in a timely and workmanlike manner.

24.     B&W, without justification, reduced and/or changed the work to be performed by Plaintiff on the Projects, as well as issued improper back charges.

25.     Specifically, certain scopes of work on the Projects were removed by B&W for B&W's convenience, and B&W and/or its other subcontractors performed aspects of Plaintiff's contractual work without Plaintiff's knowledge or consent. By way of example and without limitation:

a.  B&W falsely claimed Plaintiff was behind schedule on the Erie, when Plaintiff's work on Erie had only just begun.

4

b.  Based on B&W's false claims of Plaintiff being behind schedule on Erie, B&W hired temporary labor who worked side-by-side with Plaintiff's personnel on the same blocks of work without any notice or clarification to Plaintiff regarding division of block work being performed.

c.  B&W rejected Plaintiff's change order to improve and accelerate the schedule on Cardinal, and instead removed scope from Plaintiff's work.  The scope removal was by block and not by task, resulting in Plaintiff performing all the responsibilities of the original work, on a reduced unit basis.

d.  B&W also unilaterally removed scope from Plaintiff's work on Cobalt, hiring contractors to perform Plaintiff's work, without any notice or clarification to Plaintiff regarding the scope of work being removed.

26.  Further, B&W issued various back charges based on re-work performed by B&W's own subcontractors for damages allegedly caused by Plaintiff.  However, Plaintiff was not notified of such issues until *after* the re-work was completed, was not given an opportunity to remedy or cure any alleged defects, and was not provided proof of any error.

27.  Plaintiff submitted proper invoices and change orders to B&W for the work performed on the Projects. Namely:

a.  Plaintiff provided B&W an Application and Certificate of Payment on or about December 12, 2024, for Cobalt (the "December Cobalt Application").  A true and accurate copy of the December Cobalt Application is attached hereto as Exhibit "E" and incorporated herein by reference.

b.  Plaintiff provided B&W an Application and Certificate of Payment on or about December 13, 2024, for Erie (the "December Erie Application").  A true and

5

accurate copy of the December Erie Application is attached hereto as Exhibit "F" and incorporated herein by reference.

c.      Plaintiff provided B&W an Application and Certificate of Payment on or about January 30, 2025, for Cardinal (the "January Cardinal Application"). A true and accurate copy of the January Cardinal Application is attached hereto as Exhibit "G" and incorporated herein by reference.

d.      Plaintiff provided B&W an Application and Certificate of Payment on or about July 29, 2025, for Cobalt (the "July Cobalt Application"). A true and accurate copy of the July Cobalt Application is attached hereto as Exhibit "H" and incorporated herein by reference.

e.      Plaintiff provided B&W an Application and Certificate of Payment for retainage on or about July 29, 2025, for Cobalt (the "Cobalt Retainage Application"). A true and accurate copy of the Cobalt Retainage Application is attached hereto as Exhibit "I" and incorporated herein by reference.

f.      Plaintiff provided B&W an Application and Certificate of Payment on or about July 29, 2025, for Erie (the "July Erie Application"). A true and accurate copy of the July Erie Application is attached hereto as Exhibit "J" and incorporated herein by reference.

g.      Plaintiff provided B&W an Application and Certificate of Payment for retainage on or about July 29, 2025, for Erie (the "Erie Retainage Application"). A true and accurate copy of the Erie Retainage Application is attached hereto as Exhibit "K" and incorporated herein by reference.

h.      Plaintiff provided B&W an Application and Certificate of Payment on or about July 29, 2025, for Cardinal (the "July Cardinal Application").  A true and accurate copy of the July Cardinal Application is attached hereto as Exhibit "L" and incorporated herein by reference.

i.      Plaintiff provided B&W an Application and Certificate of Payment for retainage on or about July 29, 2025, for Cardinal (the "Cardinal Retainage Application"). A true and accurate copy of the Cardinal Retainage Application is attached hereto as Exhibit "M" and incorporated herein by reference.

(Exhibits E through M will be collectively referred to as the "Applications").

28.      B&W received and did not object to the Applications.

29.      Despite B&W's receipt of the Applications and Plaintiff's completion of the work described therein, B&W has failed or otherwise refused to submit full and complete payment to Plaintiff in accordance with the Applications.

30.      Plaintiff has made multiple demands for full payment, but B&W has continued to withhold full payment for the work performed by Plaintiff.

31.      On or about August 15, 2025, Plaintiff submitted a Notice of Claim on Payment Bond to SureTec requesting payment on Erie.  A true and accurate copy of such Notice is attached hereto as Exhibit "N" and incorporated herein by reference.

32.      On or about August 15, 2025, Plaintiff submitted a Notice of Claim on Payment Bond to SureTec requesting payment on Cobalt. A true and accurate copy of such Notice is attached hereto as Exhibit "O" and incorporated herein by reference.

33.     On or about September 24, 2025, Plaintiff submitted a Notice of Claim on Payment Bond to Berkley requesting payment on Cardinal.  A true and accurate copy of such Notice is attached hereto as Exhibit "P" and incorporated herein by reference. (Exhibits N–P will hereinafter collectively be referred to as, the "Bond Claims").

34.     Following receipt and investigation of the Bond Claims, Defendants caused the amount of $1,145,616.00 to be paid to Plaintiff; however, the amount of at least $1,793,479.00 remains due and owing to Plaintiff for the work performed on the Projects.

35.     Defendants' conduct as described herein, including, but not limited to, the failure to fully compensate Plaintiff for the work it performed on the Projects, has caused Plaintiff to suffer damages in an amount to be proven at trial.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against B&W)**

36.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37.     Plaintiff and B&W entered into a valid and enforceable Agreement, whereby Plaintiff agreed to perform certain construction and/or erection services (the "Services") as a subcontractor for B&W.

38.     Pursuant to the Agreement, Defendants thereafter executed Performance and Payment Bonds for each of the Projects. As part of the Performance Bonds, Defendants are jointly obligated to ensure performance of the Agreement, including, but not limited to, the obligation to fully compensate Plaintiff for the amount owed to it under the Agreement. As part of the Payment Bonds, Defendants agreed to pay for labor, material and equipment furnished and incorporated into the Projects.  True and accurate copies of the Performance and Payment Bonds

8

are attached hereto as Exhibit "Q" (Cardinal), Exhibit "R" (Cobalt), and Exhibit "S" (Erie) and incorporated herein by reference.

39.    Plaintiff performed all Services under the Agreement in accordance with contract specifications and in a timely and workmanlike manner.

40.    B&W breached the Agreement by failing to make complete and timely payments to Plaintiff for the Services.

41.    B&W additionally breached the Agreement when it, without justification, reduced and/or changed the Services to be performed by Plaintiff on the Projects, as well as issued improper back charges.

42.    Plaintiff has satisfied all conditions precedent to be entitled to the relief sought herein.

43.    By failing to make complete and timely payments to Plaintiff for the Services performed, by reducing and/or changing the Services to be performed by Plaintiff on the Projects, and by issuing back charges without justification, B&W materially breached its duties under the Agreement and injured the right of Plaintiff to receive the benefits of the Agreement.

44.    As a direct and proximate cause of B&W's breaches of their duties as set forth herein, Plaintiff has sustained damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Berkley – Cardinal)**

45.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46.    B&W and Berkley executed a Performance Bond for Cardinal, whereby B&W and Berkley were jointly obligated to ensure performance of the Agreement, including, but not

limited to, the obligation to fully compensate Plaintiff for the amount owed to it under the Agreement for Cardinal.  (*See* Exhibit Q).

47.     Plaintiff performed all Services under the Agreement in accordance with contract specifications and in a timely and workmanlike manner.

48.     B&W did not make complete and timely payments to Plaintiff for the Services.

49.     Plaintiff timely submitted a claim on the Performance Bond for Cardinal to Berkley (the "Cardinal Bond Claim").

50.     Despite Berkley's receipt of the Cardinal Bond Claim, Berkley breached the Performance Bond for Cardinal when it failed or otherwise refused to fully compensate Plaintiff for the amounts owed to Plaintiff for the Services performed on Cardinal.

51.     Plaintiff has satisfied all conditions precedent to be entitled to the relief sought herein.

52.     By failing to make complete and timely payments to Plaintiff for the Services performed after receipt of the Cardinal Bond Claim, Berkley breached its duties under the Cardinal Performance Bond.

53.     As a direct and proximate cause of Berkley's breach of its duties as set forth herein, Plaintiff has sustained damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against SureTec – Cobalt)**

54.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

55.     B&W and SureTec executed a Performance Bond for Cobalt, whereby B&W and SureTec were jointly obligated to ensure performance of the Agreement, including, but not

10

limited to, the obligation to fully compensate Plaintiff for the amount owed to it under the Agreement for Cobalt.  (*See* Exhibit R).

56. Plaintiff performed all Services under the Agreement in accordance with contract specifications and in a timely and workmanlike manner.

57. B&W did not make complete and timely payments to Plaintiff for the Services.

58. Plaintiff timely submitted a claim on the Performance Bond for Cobalt to SureTec (the "Cobalt Bond Claim").

59. Despite SureTec's receipt of the Cobalt Bond Claim, SureTec breached the Performance Bond for Cobalt when it failed or otherwise refused to fully compensate Plaintiff for the amounts owed to Plaintiff for the Services performed on Cobalt.

60. Plaintiff has satisfied all conditions precedent to be entitled to the relief sought herein.

61. By failing to make complete and timely payments to Plaintiff for the Services performed after receipt of the Cobalt Bond Claim, SureTec breached its duties under the Cobalt Performance Bond.

62. As a direct and proximate cause of SureTec's breach of its duties as set forth herein, Plaintiff has sustained damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against SureTec – Erie)**

63. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

64. B&W and SureTec executed a Performance Bond for Erie, whereby B&W and SureTec were jointly obligated to ensure performance of the Agreement, including, but not

11

limited to, the obligation to fully compensate Plaintiff for the amount owed to it under the Agreement for Erie.  (*See* Exhibit S).

65.     Plaintiff performed all Services under the Agreement in accordance with contract specifications and in a timely and workmanlike manner.

66.     B&W did not make complete and timely payments to Plaintiff for the Services.

67.     Plaintiff timely submitted a claim on the Performance Bond for Erie to SureTec (the "Erie Bond Claim").

68.     Despite SureTec's receipt of the Erie Bond Claim, SureTec breached the Performance Bond for Erie when it failed or otherwise refused to fully compensate Plaintiff for the amounts owed to Plaintiff for the Services performed on Erie.

69.     Plaintiff has satisfied all conditions precedent to be entitled to the relief sought herein.

70.     By failing to make complete and timely payments to Plaintiff for the Services performed after receipt of the Erie Bond Claim, SureTec breached its duties under the Erie Performance Bond.

71.     As a direct and proximate cause of SureTec's breach of its duties as set forth herein, Plaintiff has sustained damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Against Owners)**

72.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

73.     Plaintiff provided the Services to the Projects, which are owned by Owners.

74.     As the Owners of the Projects, Cardinal Solar, Cobalt Solar, and Erie Solar benefitted from the Services Plaintiff performed.

75. Owners knowingly retained the benefits of the Services on the Project without compensating Plaintiff therefor.

76. It would be inequitable and unconscionable to permit Owners to receive and retain the benefits of the Services without fully paying Plaintiff a reasonable value for the same.

77. As a direct and proximate cause of B&W's and Owner's unjust enrichment, Plaintiff has sustained damages in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF OHIO**
**PROMPT PAYMENT STATUTE**
**Ohio Rev. Code § 4113.61,** *et seq.*
**(Against B&W)**

78. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

79. Plaintiff and B&W entered into the Agreement, which involved the construction of the Projects located in Pennsylvania.

80. Plaintiff completed all Services under the Agreement in accordance with contract specifications and in a timely and workmanlike manner.

81. Under Ohio's prompt payment statute (the "Statute"), payments to subcontractors must be made within ten (10) calendar days after receipt of an application or request for payment. O.R.C. § 4113.61(A)(1).

82. Despite Plaintiff's completion of the Services and submission of the Applications, B&W failed to make timely payment to Plaintiff as required by the Statute.

83. As a result of B&W's violation of the Statute, Plaintiff has been damaged in an amount to be proven at trial.

84. Additionally, Plaintiff is entitled to interest and its attorney fees pursuant to O.R.C. § 4113.61(A)-(B).

13

WHEREFORE, Plaintiff Integrated Power Co. respectfully requests that the Court enter judgment in its favor and against Defendants Babcock & Wilcox Solar Energy, Inc., Cardinal Solar, LLC, Cobalt Solar, LLC, Erie Solar, LLC, SureTec Insurance Company, and Berkley Insurance Company in the amount of at least $1,793,479.00, plus pre-judgment and post-judgment interest at the maximum legal rate; for an award of interest, attorney fees and costs pursuant to O.RE.C. § 4113.61, *et seq.* as against Defendant Babcock & Wilcox Solar Energy, Inc.; for an award of attorney's fees pursuant to the Performance Bonds as against Defendants SureTec Insurance Company and Berkley Insurance Company; and for such other, further and different relief as this Court deems just and equitable.

Dated this 19th day of February, 2026.

Respectfully submitted,

/s/ Michael J. Madigan
Michael J. Madigan (0079377)
KEGLER, BROWN, HILL + RITTER CO. LPA
65 E. State Street, Suite 1800
Columbus, OH 43215
PH: (614) 462-5478; Fax: (614) 852-4800
mmadigan@keglerbrown.com

Attorney for Plaintiff
Integrated Power Co.

14

## JURY DEMAND

Plaintiff Integrated Power Co. requests trial by jury in this matter on all issues triable by jury.

/s/ Michael J. Madigan
Michael J. Madigan
